**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order

United States Courts
Southern District of Texas
FILED

*December 14, 2023*

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | § |
| | § |

**3:23-cr-29**

CRIMINAL NUMBER _____

**UNDER SEAL**

1.  ROQUE ZAMUDIO-MENDOZA
2.  JUAN HERNANDEZ-SANCHEZ
3.  RANFERI GONZALEZ-TORRES
4.  RICARDO RODRIGUEZ-SANCHEZ
5.  ANTOLIN RAMIREZ-RAMIREZ
6.  MARIO CORTEZ-BUCIO
7.  HERNAN CORTEZ-BUCIO
8.  MIGUEL BARRAGAN-PERALTA
9.  MARGARITO RUIZ
10. JUAN MORENO-LOPEZ
11. ALEJANDRO GODINAS-LOPEZ
12. JORGE SEGURA-RODRIGUEZ
13. ANGEL GARCIA-SALDIVAR
14. EUSTOLIO ANDAYA-MONDRAGON
15. MARIO HERNANDEZ-DELATORRE
16. DANIEL ALVARADO-BENITEZ
17. MARIA GODOY-CAZORLA
18. JOSE MARTINEZ-RAMIREZ
19. FELICIANO ALCALA-OAXACA
20. JOSE PENALOZA-BERRUETE
21. JULIO SANDOVAL-RODRIGUEZ
22. GERARDO VILLARREAL-MARTINEZ
23. RAFAEL MONTEMAYOR-DERAS
24. MICHAEL RYAN BARAJAS
25. OVIDIO RAFAEL MARTINEZ
26. LUIS AVALOS-ALCANTAR
27. JORGE VALDOVINOS-HERNANDEZ
28. SOUTHANOME FRICHITHAVONG
29. PATSAMONG SOMKONGMANY
30. AMANDO GUERRERO-ALVAREZ
31. EVERARDO AURIOLES-GARCIA
32. OSCAR MANUEL RODRIGUEZ
33. MANUEL CASTILLO-REYES
34. CHRISTIAN MATEO VACA

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

| | | |
|---|---|---|
| 35. | CARLOS ENRIQUE GUTIERREZ | § |
| 36. | PABLO CASTILLO-REYNA | § |
| 37. | ALBERTO NAPOLES | § |
| 38. | EDUARDO ENRIQUE GANDARA | § |
| 39. | BRANDON KYLE WEDGWORTH | § |
| 40. | JOSE ANGEL GONZALEZ SR. | § |
| 41. | JOSE MAXIMILIANO HERRERA | § |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

## **INTRODUCTION**

During the period between December 28, 2018, and April 22, 2020, persons identified as, but not limited to, the defendants named in this Indictment operated in and out of the Southern District of Texas to distribute cocaine, fentanyl, heroin, and methamphetamine, which had been smuggled into the United States from Mexico. The leader of one of these groups, ROQUE ZAMUDIO-MENDOZA, was the main source of drugs smuggled into the United States and subsequently distributed in the Southern District of Texas and elsewhere throughout the United States by the defendants identified in this Indictment. The cocaine, fentanyl, heroin, and methamphetamine were distributed throughout Galveston and Houston, Texas, to New Orleans, Louisiana; Pensacola, Florida; Atlanta, Georgia; Nashville, Tennessee; and Chicago, Illinois. The allegations in this Indictment focus on the drug trafficking and money laundering activities conducted by ROQUE ZAMUDIO-MENDOZA through the other defendants, all of whom operated under the overall control of the JALISCO NEW GENERATION CARTEL.

## COUNT ONE
### Conspiracy to Possess with Intent to Distribute Cocaine,
### Fentanyl, Heroin, and Methamphetamine
### [Defendants 1-41]

Between on or about December 28, 2018, and on or about April 22, 2020, in the Southern

District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA,
[2] JUAN HERNANDEZ-SANCHEZ,
[3] RANFERI GONZALEZ-TORRES,
[4] RICARDO RODRIGUEZ-SANCHEZ,
[5] ANTOLIN RAMIREZ-RAMIREZ,
[6] MARIO CORTEZ-BUCIO,
[7] HERNAN CORTEZ-BUCIO,
[8] MIGUEL BARRAGAN-PERALTA,
[9] MARGARITO PEREZ,
[10] JUAN MORENO-LOPEZ,
[11] ALEJANDRO GODINAS-LOPEZ,
[12] JORGE SEGURA-RODRIGUEZ,
[13] ANGEL GARCIA-SALDIVAR,
[14] EUSTOLIO ANDAYA-MONDRAGON,
[15] MARIO HERNANDEZ-DELATORRE,
[16] DANIEL ALVARADO-BENITEZ,
[17] MARIA GODOY-CAZORLA,
[18] JOSE MARTINEZ-RAMIREZ,
[19] FELICIANO ALCALA-OAXACA,
[20] JOSE PENALOZA-BERRUETE,
[21] JULIO SANDOVAL-RODRIGUEZ,
[22] GERARDO VILLARREAL-MARTINEZ,
[23] RAFAEL MONTEMAYOR-DERAS,
[24] MICHAEL RYAN BARAJAS,
[25] OVIDIO RAFAEL MARTINEZ,
[26] LUIS AVALOS-ALCANTAR,
[27] JORGE VALDOVINOS-HERNANDEZ,
[28] SOUTHANOME FRICHITHAVONG,
[29] PATSAMONG SOMKONGMANY,
[30] AMANDO GUERRERO-ALVAREZ,
[31] EVERARDO AURIOLES-GARCIA,
[32] OSCAR MANUEL RODRIGUEZ,
[33] MANUEL CASTILLO-REYES,
[34] CHRISTIAN MATEO VACA,
[35] CARLOS ENRIQUE GUTIERREZ,

[36] PABLO CASTILLO-REYNA,
[37] ALBERTO NAPOLES,
[38] EDUARDO ENRIQUE GANDARA,
[39] BRANDON KYLE WEDGWORTH,
[40] JOSE ANGEL GONZALEZ SR., and
[41] JOSE MAXIMILIANO HERRERA,

did knowingly and intentionally conspire and agree together, with each other and with other persons known and unknown, to possess with intent to distribute controlled substances. This violation involved five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2 phenylethyl)-4-piperidinyl] propanamide, also known as "fentanyl", a Schedule II controlled substance; one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).


**COUNT TWO**
**Conspiracy to Launder Monetary Instruments**
**[Defendants 1, 2, 9, 22, 25, 26, 32, 33, 35, 36, 37]**

Between on or about December 28, 2018, and on or about April 22, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA,
[2] JUAN HERNANDEZ-SANCHEZ,
[9] MARGARITO RUIZ,
[22] GERARDO VILLARREAL-MARTINEZ,
[25] OVIDIO RAFAEL MARTINEZ,
[26] LUIS AVALOS-ALCANTAR,
[32] OSCAR MANUEL RODRIGUEZ,
[33] MANUEL CASTILLO-REYES,

[35] CARLOS ENRIQUE GUTIERREZ,
[36] PABLO CASTILLO-REYNA, and
[37] ALBERTO NAPOLES,

did knowingly and intentionally conspire and agree together, with each other and with other persons known and unknown to the Grand Jury, to transport, transmit, and transfer monetary instruments and funds, which the defendants then well knew represented the proceeds of some form of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, knowing that the transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(h), 1956(a)(2), 1956(a)(2)(B)(i), and 1956(a)(2)(B)(ii).

## <u>COUNT THREE</u>
**Possession with Intent to Distribute Methamphetamine**

Between on or about December 28, 2018, and on or about December 30, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[2] JUAN HERNANDEZ-SANCHEZ,
[3] RANFERI GONZALEZ-TORRES, and
[4] RICARDO RODRIGUEZ-SANCHEZ,

who aided, abetted, and assisted each other, and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 18 kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR
### Possession with Intent to Distribute Methamphetamine

On or about December 30, 2018, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

### [3] RANFERI GONZALEZ-TORRES,

did knowingly and intentionally possess with intent to distribute a controlled substance.  This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately three (3) kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIVE
### Possession with Intent to Distribute Methamphetamine

On or about January 3, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

### [5] ANTOLIN RAMIREZ-RAMIREZ,

did knowingly and intentionally possess with intent to distribute a controlled substance.  This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 2.5 kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SIX
### Possession with Intent to Distribute Methamphetamine

On or about January 7, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[2] JUAN HERNANDEZ-SANCHEZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 17 kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT SEVEN
### Possession with Intent to Distribute Methamphetamine

On or about January 25, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA,
[6] MARIO CORTEZ-BUCIO, and
[7] HERNAN CORTEZ-BUCIO,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 41 kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT EIGHT
### Possession with Intent to Distribute Methamphetamine

On or about January 31, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[2] JUAN HERNANDEZ-SANCHEZ and
[8] MIGUEL BARRAGAN-PERALTA,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately two (2) kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT NINE
### Laundering of Monetary Instruments

On or about February 1, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA and
[9] MARGARITO RUIZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally transport, transmit, and transfer monetary instruments and funds, that is, United States currency, that is $10,750 in United States currency, which the defendants then

well knew represented the proceeds of some form of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, and knowing that the transportation, transmission, and transfer of monetary instruments and funds was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activities, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2.

## COUNT TEN
### Possession with Intent to Distribute Methamphetamine

On or about February 13, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[2] JUAN HERNANDEZ-SANCHEZ  and
[10] JUAN MORENO-LOPEZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance.  This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately seven (7) kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT ELEVEN
**Possession with Intent to Distribute Methamphetamine**

On or about February 27, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[2] JUAN HERNANDEZ-SANCHEZ and
[11] ALEJANDRO GODINAS-LOPEZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 33 kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.


## COUNT TWELVE
**Possession with Intent to Distribute Methamphetamine**

Between on or about March 11, 2019, and on or about March 14, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[2] JUAN HERNANDEZ-SANCHEZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 26 kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT THIRTEEN**
**Possession with Intent to Distribute Methamphetamine**

On or about May 29, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA and
[12] JORGE SEGURA-RODRIGUEZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately one (1) kilogram of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

**COUNT FOURTEEN**
**Possession with Intent to Distribute Heroin**

On or about June 7, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[13] ANGEL GARCIA-SALDIVAR,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, that is, approximately 252 grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT FIFTEEN
### Possession with Intent to Distribute Heroin

On or about June 13, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[14] EUSTOLIO ANDAYA-MONDRAGON,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved less than 100 grams of a mixture or substance containing a detectable amount of heroin, that is, approximately four (4) grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SIXTEEN
### Possession with Intent to Distribute Heroin

On or about June 13, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA and
[15] MARIO HERNANDEZ-DELATORRE,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved less than 100 grams of a mixture or substance containing a detectable amount of heroin, that is, approximately two (2) grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVENTEEN
**Possession with Intent to Distribute Heroin**

On or about June 27, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[15] MARIO HERNANDEZ-DELATORRE,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, that is, approximately 252 grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).


## COUNT EIGHTEEN
**Possession with Intent to Distribute Heroin**

On or about July 11, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[16] DANIEL ALVARADO-BENITEZ,

did knowingly, unlawfully, and intentionally possess with intent to distribute a controlled substance. This violation involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, that is, approximately 252 grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

**COUNT NINETEEN**
**Possession with Intent to Distribute Heroin**

On or about July 23, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[17] MARIA GODOY-CAZORLA,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved one kilogram or more of a mixture or substance containing a detectable amount of heroin, that is, approximately eight (8) kilograms of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT TWENTY**
**Possession with Intent to Distribute Fentanyl**

On or about July 26, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[18] JOSE MARTINEZ-RAMIREZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N [1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, that is, approximately 57 grams of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

**COUNT TWENTY-ONE**
**Possession with Intent to Distribute Fentanyl**

On or about August 4, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[18] JOSE MARTINEZ-RAMIREZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N [1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, that is, approximately 165 grams of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT TWENTY-TWO
### Possession with Intent to Distribute Fentanyl

On or about August 11, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[19] FELICIANO ALCALA-OAXACA,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N [1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, that is, approximately 1.3 kilograms of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT TWENTY-THREE
### Possession with Intent to Distribute Heroin

On or about August 16, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[20] JOSE PENALOZA-BERRUETE,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 100 grams or more of a mixture or substance containing a detectable amount of heroin, that is, approximately 958.5 grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

**COUNT TWENTY-FOUR**
**Possession with Intent to Distribute Fentanyl**

On or about August 29, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[21] JULIO SANDOVAL-RODRIGUEZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N [1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, that is, approximately 1.3 kilograms of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**COUNT TWENTY-FIVE**
**Possession with Intent to Distribute Methamphetamine**

On or about August 29, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[21] JULIO SANDOVAL-RODRIGUEZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, that is, approximately one (1) kilogram of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT TWENTY-SIX
### Possession with Intent to Distribute Cocaine

On or about September 7, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ and
[32] OSCAR MANUEL RODRIGUEZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately seven (7) kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT TWENTY-SEVEN
### Possession with Intent to Distribute Cocaine

On or about September 7, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ and
[24] MICHAEL RYAN BARAJAS,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation

involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately two (2) kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT TWENTY-EIGHT
### Possession with Intent to Distribute Cocaine

On or about September 11, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ and
[25] OVIDIO RAFAEL MARTINEZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance.  This violation involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately three (3) kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT TWENTY-NINE
### Possession with Intent to Distribute Cocaine

On or about September 16, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[22] GERARDO VILLARREAL-MARTINEZ,

who was aided, abetted, and assisted by others known and unknown to the Grand Jury, did knowingly, unlawfully, and intentionally possess with intent to distribute a controlled substance.

18

This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately eight (8) kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY
### Possession with Intent to Distribute Methamphetamine

On or about September 19, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[27] JORGE VALDOVINOS-HERNANDEZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately two (2) kilograms of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT THIRTY-ONE
### Possession with Intent to Distribute Heroin

On or about September 21, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[27] JORGE VALDOVINOS-HERNANDEZ,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 100 grams or more of a mixture or substance containing a detectable amount of

heroin, that is, approximately 919 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT THIRTY-TWO
### Possession with Intent to Distribute Fentanyl

On or about September 21, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[1] ROQUE ZAMUDIO-MENDOZA,
[28] SOUTHANOME FRICHITHAVONG, and
[29] PATSAMONG SOMKONGMANY,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a trace amount of a mixture or substance containing a detectable amount of N-phenyl-N [1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-THREE
### Possession with Intent to Distribute Cocaine

On or about September 23, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ,
[23] RAFAEL MONTEMAYOR-DERAS, and
[24] MICHAEL RYAN BARAJAS,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately two (2) kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT THIRTY-FOUR
### Laundering of Monetary Instruments

On or about September 24, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ and
[25] OVIDIO RAFAEL MARTINEZ,

who aided abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly intentionally transport, transmit, and transfer, and attempt to transport, transmit, or transfer monetary instruments and funds from a place in the United States to or through a place outside the United States, that is, United States currency in the amount of $46,500, which the defendants then well knew represented the proceeds of some form of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, and knowing that the transportation, transmission, and transfer of monetary instruments and funds was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activities, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2.


## COUNT THIRTY-FIVE
### Possession with Intent to Distribute Methamphetamine

On or about October 21, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[2] JUAN HERNANDEZ-SANCHEZ and
[30] AMANDO GUERRERO-ALVAREZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, that is, approximately 1,003.5 grams of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.


## COUNT THIRTY-SIX
### Possession with Intent to Distribute Heroin

On or about November 14, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[2] JUAN HERNANDEZ-SANCHEZ and
[31] EVERARDO AURIOLES-GARCIA,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation

involved a trace amount of a mixture or substance containing a detectable amount of heroin, that is, approximately one and one-tenth (1.1) grams of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT THIRTY-SEVEN
### Possession with Intent to Distribute Cocaine

On or about November 26, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ and
[33] MANUEL CASTILLO-REYES,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately 12 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THIRTY-EIGHT
### Possession with Intent to Distribute Cocaine

On or about November 27, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ,
[32] OSCAR MANUEL RODRIGUEZ, and
[33] MANUEL CASTILLO-REYES,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately 20 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.


## COUNT THIRTY-NINE
### Possession with Intent to Distribute Cocaine

On or about November 27, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[25] OVIDIO RAFAEL MARTINEZ,
[34] CHRISTIAN MATEO VACA, and
[35] CARLOS ENRIQUE GUTIERREZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately five kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.


## COUNT FORTY
### Laundering of Monetary Instruments

On or about November 27, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[25] OVIDIO RAFAEL MARTINEZ,
[33] MANUEL CASTILLO-REYES, and
[35] CARLOS ENRIQUE GUTIERREZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did

knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transfer,

and trasmit monetary instruments and funds, that is, United States currency in the amount of

$125,000, which the defendants then well knew represented the proceeds of some form of unlawful

activity, to wit: the unlawful possession of controlled substances with intent to distribute, and

knowing that the transportation, transmission, and transfer was designed in whole or in part to

conceal and disguise the nature, location, source, ownership, and control of the proceeds of the

said specified unlawful activity, and to avoid a transaction reporting requirement under State or

Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i),

1956(a)(2)(B)(ii), and 2.


## COUNT FORTY-ONE
### Possession with Intent to Distribute Cocaine

On or about November 27, 2019, in the Southern District of Texas and elsewhere within

the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ,
[24] MICHAEL RYAN BARAJAS, and
[25] OVIDIO RAFAEL MARTINEZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did

knowingly and intentionally possess with intent to distribute a controlled substance. This violation

involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine,

that is, approximately two (2) kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.


## COUNT FORTY-TWO
### Laundering of Monetary Instruments

On or about November 30, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ,
[25] OVIDIO RAFAEL MARTINEZ, and
[33] MANUEL CASTILLO-REYES,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds, that is, United States currency in the amount of $92,000, which the defendants then well knew represented the proceeds of some form of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2.


## COUNT FORTY-THREE
### Laundering of Monetary Instruments

On or about December 5, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[36] PABLO CASTILLO-REYNA,

who was aiding, abetting, and assisting others known and unknown to the Grand Jury, did knowingly and intentionally transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds, that is, United States currency in the amount of $38,000, which the defendant then well knew represented the proceeds of some form of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, and knowing that the transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2.


## COUNT FORTY-FOUR
### Laundering of Monetary Instruments

On or about December 7, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[22] GERARDO VILLARREAL-MARTINEZ,
[26] LUIS AVALOS-ALCANTAR,
[32] OSCAR MANUEL RODRIGUEZ, and
[33] MANUEL CASTILLO-REYES,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally transport, transmit, and transfer , and attempt to transport, transmit, and transfer monetary instruments and funds, that is, United States currency in the amount of $120,000, which the defendants then well knew represented the proceeds of some form of unlawful

activity, to wit: the unlawful possession of controlled substances with intent to distribute, and knowing that the transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2.

## COUNT FORTY-FIVE
### Laundering of Monetary Instruments

On or about December 10, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[37] ALBERTO NAPOLES,

who aided, abetted, and assisted others known and unknown to the Grand Jury, did knowingly and intentionally transport, transmit, and transfer , and attempt to transport, transmit, and transfer monetary instruments and funds, that is, United States currency in the amount of $575,026, which the defendants then well knew represented the proceeds of some form of unlawful activity, to wit: the unlawful possession of controlled substances with intent to distribute, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the said specified unlawful activities, and to avoid a transaction reporting requirement under State or Federal Law.

In violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2.

## COUNT FORTY-SIX
**Possession with Intent to Distribute Cocaine**

On or about December 10, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[26] LUIS AVALOS-ALCANTAR,

did knowingly and intentionally possess with intent to distribute a controlled substance.  This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately 73 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FORTY-SEVEN
**Possession with Intent to Distribute Cocaine**

On or about December 17, 2019, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[25] OVIDIO RAFAEL MARTINEZ,
[32] OSCAR MANUEL RODRIGUEZ, and
[35] CARLOS ENRIQUE GUTIERREZ,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately 5,025 grams of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-EIGHT
### Possession with Intent to Distribute Cocaine

On or about February 27, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[35] CARLOS ENRIQUE GUTIERREZ and
[38] EDUARDO ENRIQUE GANDARA,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately 92 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FORTY-NINE
### Possession with Intent to Distribute Cocaine

On or about February 27, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendant,

[39] BRANDON KYLE WEDGWORTH,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately 22 kilograms of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT FIFTY
**Possession with Intent to Distribute Cocaine**

On or about April 22, 2020, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants,

[34] CHRISTIAN MATEO VACA,
[40] JOSE ANGEL GONZALEZ SR., and
[41] JOSE MAXIMILIANO HERRERA,

who aided, abetted, and assisted each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture or substance containing a detectable amount of cocaine, that is, approximately one kilogram of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE
**(21 U.S.C. § 853(a))**

Pursuant to Title 21, United States Code, Section 853(a), the United States of America gives notice to the defendants,

[Defendants 1-42]

[1] ROQUE ZAMUDIO-MENDOZA,
[2] JUAN HERNANDEZ-SANCHEZ,
[3] RANFERI GONZALEZ-TORRES,
[4] RICARDO RODRIGUEZ-SANCHEZ,
[5] ANTOLIN RAMIREZ-RAMIREZ,
[6] MARIO CORTEZ-BUCIO,
[7] HERNAN CORTEZ-BUCIO,
[8] MIGUEL BARRAGAN-PERALTA,
[9] MARGARITO RUIZ,
[10] JUAN MORENO-LOPEZ,

[11] ALEJANDRO GODINAS-LOPEZ,
[12] JORGE SEGURA-RODRIGUEZ,
[13] ANGEL GARCIA-SALDIVAR,
[14] EUSTOLIO ANDAYA-MONDRAGON,
[15] MARIO HERNANDEZ-DELATORRE,
[16] DANIEL ALVARADO-BENITEZ,
[17] MARIA GODOY-CAZORLA,
[18] JOSE MARTINEZ-RAMIREZ,
[19] FELICIANO ALCALA-OAXACA,
[20] JOSE PENALOZA-BERRUETE,
[21] JULIO SANDOVAL-RODRIGUEZ,
[22] GERARDO VILLARREAL-MARTINEZ,
[23] RAFAEL MONTEMAYOR-DERAS,
[24] MICHAEL RYAN BARAJAS,
[25] OVIDIO RAFAEL MARTINEZ,
[26] LUIS AVALOS-ALCANTAR,
[27] JORGE VALDOVINOS-HERNANDEZ,
[28] SOUTHANOME FRICHITHAVONG,
[29] PATSAMONG SOMKONGMANY,
[30] AMANDO GUERRERO-ALVAREZ,
[31] EVERARDO AURIOLES-GARCIA,
[32] OSCAR MANUEL RODRIGUEZ,
[33] MANUEL CASTILLO-REYES,
[34] CHRISTIAN MATEO VACA,
[35] CARLOS ENRIQUE GUTIERREZ,
[36] PABLO CASTILLO-REYNA,
[37] ALBERTO NAPOLES,
[38] EDUARDO ENRIQUE GANDARA,
[39] BRANDON KYLE WEDGWORTH,
[40] JOSE ANGEL GONZALEZ SR., and
[41] JOSE MAXIMILIANO HERRERA,

that upon conviction of conspiracy as charged in Count ONE of the Indictment, the following

property, whether real or personal, is subject to forfeiture:

1) all property constituting, or derived from, any proceeds obtained,  directly  or  indirectly,

   as the result of such conspiracy; and

2) all property used, or intended to be used, in any manner or part, to  commit, or to facilitate the commission of, such conspiracy.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States of America gives notice to the defendants,

[1] ROQUE ZAMUDIO-MENDOZA,
[2] JUAN HERNANDEZ-SANCHEZ,
[9] MARGARITO RUIZ,
[22] GERARDO VILLARREAL-MARTINEZ,
[25] OVIDIO RAFAEL MARTINEZ,
[26] LUIS AVALOS-ALCANTAR,
[32] OSCAR MANUEL RODRIGUEZ,
[33] MANUEL CASTILLO-REYES,
[35] CARLOS ENRIQUE GUTIERREZ,
[36] PABLO CASTILLO-REYNA, and
[37] ALBERTO NAPOLES,

that, upon conviction of a conspiracy in violation of Title 18, United States Code, Section 1956(h) as charged in Count TWO, or a violation of Title 18, United States Code, Sections 1956(a)(2), 1956(a)(2)(B)(i), and 1956(a)(2)(B)(ii), as charged in Counts NINE, THIRTY-FOUR, FORTY, FORTY-TWO, FORTY-THREE, FORTY-FOUR, and FORTY-FIVE of the Indictment, all property, real or personal, involved in such money laundering offenses or traceable to such property, is subject to forfeiture to the United States.

## PROPERTY SUBJECT TO FORFEITURE

The property to be forfeited, includes, but is not limited to, approximately $10,000,000 in United States currency.

The following seizures of United States currency were made during the investigation prior to this Indictment, and are part of the total $10,000,000 in United States currency sought to be forfeited in this case:

1.  $575,026.00 in United States currency seized from Alberto Napoles on or about December 10, 2019;

2.  $4,000.00 in United States currency seized from Alberto Napoles on or about December 10, 2019; and

3.  $166,380.00 in United States currency seized from Luis Avalos-Alcantar on or about December 10, 2019.

## MONEY JUDGEMENT

Defendants are notified that upon conviction, a money judgement may be imposed equal to the value of the property subject to the forfeiture, for which the defendants may be jointly and severally liable.

## SUBSTITUTE ASSETS

In the event the property that is subject to forfeiture, as a result of any act of omission of the defendants,

1)  cannot be located upon the exercise of due diligence;

2)  has been transferred or sold to, or deposited with, a third party;

3)  has been placed beyond the jurisdiction of the court;

4)  has been substantially diminished in value; or

5)  has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of

the property subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), and

Title 18, United States Code, Section 982(b).


A TRUE BILL:

**Original Signature on File**

FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:    _____
       KENNETH A. CUSICK
       ASSISTANT UNITED STATES ATTORNEY